UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DASIEL HANO CALZADA,

              Petitioner,

v.

WARDEN, CALIFORNIA CITY
CORRECTIONAL CENTER,

              Respondents.

No. 1:26-cv-03303-DJC-AC

RELEASE ORDER

A# 244-741-425

Petitioner Dasiel Hano Calzada is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Temporary Restraining Order (ECF No. 2).  The Court has previously addressed the legal issues raised in Count 2 of the Petition.  *See M.B. v. Noem*, 1:26-cv-00005-DJC-AC, 2026 WL 74155 (E.D. Cal. Jan. 9, 2026); *Oli v. Andrews*, No. 1:26-cv-00477-DJC-AC, 2026 WL 253425 (E.D. Cal. Jan 30, 2026).

The Court informed the parties that it intended to rule directly on the petition and ordered Respondents to show cause as to whether there are any factual or legal

1

issues in this case that distinguish it from the Court's prior orders.[1] (ECF No. 4.) Respondents concede that "this case is not substantially different than the cases the Court cited in its minute order[,]" though they continue to oppose relief. (ECF No. 6 at 1.) Neither party objected to the Court ruling directly on the merits of the petition.

Accordingly, as Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions cited above, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 2, for the reasons stated in those prior orders.[2]

Respondents are ORDERED to immediately release Petitioner Dasiel Hano Calzada from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

Respondents shall file a status report within five (5) days of Petitioner's release, confirming Petitioner's release.

---

[1] The Court initially cited cases concerning release on conditional parole under 8 U.S.C. § 1226. However, on review of later information, it appears that Petitioner was released on parole under 8 U.S.C. § 1182(d)(5). This difference does not alter the Court's due process analysis.

[2] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

The Clerk of the Court is directed to serve California City Detention Facility with a copy of this Order.

The Clerk of the Court is further directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **May 8, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE